UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PAUL MCKAY,

    *Plaintiff*,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
UNUMPROVIDENT CORPORATION,
and UNUM LIFE INSURANCE
COMPANY,

    *Defendants*.

No. 1:06-CV-267

Chief Judge Curtis L. Collier

# **M E M O R A N D U M**

Plaintiff Paul McKay ("Plaintiff") filed this action requesting this Court determine whether Defendant Reliance Standard Life Insurance Company's ("Reliance") or Defendants Unumprovident Corporation and Unum Life Insurance Company's ("Unum") (collectively "Defendants") insurance policy governs his claim for long term disability ("LTD") benefits and to award past due benefits as well as ongoing benefits under that policy pursuant to the terms and conditions of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") (Court File No.1).

In compliance with the scheduling order issued by the Court (Court File No. 9), Plaintiff filed a motion for judgment on the ERISA record (Court File No. 26) as well as a brief in support (Court File No. 27). Reliance and Unum both filed response briefs in opposition (Court File Nos. 29 & 30), which sought judgment for Defendants, and Plaintiff filed a reply (Court File No. 31). The Court heard oral argument from the parties on October 15, 2007.

After considering the parties' briefs and the applicable law, and for the reasons discussed

below, the Court will **DENY** Plaintiff's motion for judgment on the ERISA record (Court File No. 26) and **DISMISS** Plaintiff's claim against Unum and **REMAND** Plaintiff's claim against Reliance for further investigation.

I.  **RELEVANT FACTS**

Plaintiff was employed as general legal counsel by U.S. Xpress Enterprises, Inc. ("U.S. Xpress") in September 1999 (Court File No. 27).[1] Prior to Plaintiff's employment at U.S. Xpress, he fell and injured his neck in 1989. He underwent surgery on his neck in June 2003. After a period of recovery, he returned to work, but asserts "his job performance was poor and he missed a lot of work due to pain." (*id*. at p. 2).

In December 2003, Plaintiff reported to his supervisor that he was suffering from the flu and worked from home much of that month. UACL01278, 01505. Plaintiff's last day in the office was December 31, 2003.[2] Plaintiff intended to work from home after that time. It is unclear whether

---

[1] Unless otherwise indicated, all factual references are to Plaintiff's memorandum in support of his motion for judgment on the record (Court File No. 27). References to Unum's administrative record begin with "UACL." References to Reliance's administrative record begin with "AR."

[2] Determining Plaintiff's last day of work is not posible. Plaintiff indicated his last day worked was December 19, 2003 on the claim form his submitted to Unum. UACL00042. However, he does not dispute he came into the office on December 31, 2003. Plaintiff was out of the office during much of December and came in on the last day of that month. His supervisor stated, "Paul purported to be sick with the flu much of December 2003. He claimed that he was working at home during this time period . . . Due to multiple complaints, job performance issues and Paul's inability to produce a doctor's note evidencing his need to work from home due to the flu, Paul was terminated on January 19, 2004 . . . Although I have no evidence that Paul was not working during this time period, I also have no evidence that Paul was working during this time period." UACL01505; AR0064. Plaintiff indicated the end date of his employment with U.S. Xpress was "1-04" on a Unum form entitled "Education and Employment History." UACL01229. Plaintiff reported his last day worked was "January 2004" and "01/11/04" in several medical records. UACL00224, 00215, 00217, 00209, 00172.

2

Plaintiff actually worked from home from January 1 until January 19, 2004, the date Plaintiff was terminated but allowed to resign. However, it is undisputed that U.S. Xpress paid Plaintiff his full salary up until January 16, 2004. UACL01505.

Plaintiff asserts he is disabled "due to chronic neck pain, which radiates into his arms, as well as the effects of medication necessary to combat the pain." (Court File No. 27 at p. 6). The original cause of his pain is the degeneration of his cervical spine. He had surgery to correct this problem, but it appears the surgery was not effective as he continues to suffer from pain. A "transitional syndrome" caused joint pain above and below the site of the surgery. AR0325. Plaintiff undergoes cervical steroid injections for pain relief. AR0407. He alleges this pain makes it difficult, if not impossible, for him to perform sedentary activities such as working at a computer. These activities made up the bulk of his work as a contract attorney. He alleges he tried to continue working after the surgery, but the pain remained. "Between" December 31, 2003 and January 16, 2004, he contends he was unable to actually perform his occupation. However, Plaintiff does not cite any support in the Reliance administrative record to this effect. Only one medical review was performed in relation to both of Plaintiff's claims–a doctor who reviewed Plaintiff's claim at Unum's request determined he would not be able to perform his occupation due to pain and the effects of the medication. UACL01268.

Plaintiff applied for and received Social Security disability benefits in August 2005. AR0171. His date of disability for Social Security purposes is December 17, 2003. AR0175.

Plaintiff asserts U.S. Xpress provided him with "continuous" long-term disability insurance as an employee benefit. Unum provided a long-term disability insurance policy to U.S. Xpress for

eligible employees beginning January 2002. (Court File No. 30); UACL01136-01176.[3] It provided disability benefits to insured employees according to the terms of the policy. U.S. Xpress switched insurance companies at the end of 2003. The Unum policy was effective until December 31, 2003 at 12:00 a.m. that night and Reliance began insuring U.S. Xpress's group long-term disability plan effective January 1, 2004 (Court File Nos. 29 & 30). Plaintiff alleges he became disabled while U.S. Xpress was changing carriers. Plaintiff applied for long-term disability benefits with Unum in June 2005 and with Reliance in February 2006 (Court File No. 27); AR0425.[4] Both insurance companies administratively denied Plaintiff's claim for different reasons.[5] Plaintiff was represented by legal counsel throughout the pendency of his claims. UACL00013.

Unum does not dispute Plaintiff was insured under its policy number 562112 ("Unum policy") from its effective date until its cancellation date, December 31, 2003. UACL01191, 01481. In other words, U.S. Xpress paid the premiums on behalf of Plaintiff and no enrollment was required. UACL01191. After its review process, Unum determined Plaintiff failed to meet its

---

[3] Plaintiff sued two Unum Defendants, Unum Life Insurance Company of America and its parent corporation, Unumprovident. The Court will refer to both of these Defendants as "Unum."

[4] There was significant delay between the time Plaintiff alleges he became disabled and when he applied for long-term disability benefits from Unum and Reliance. His only explanation is "some miscommunication with U.S. Xpress." (Court File No. 27 at p. 3).

[5] Unum initially denied Plaintiff's claim on October 13, 2005 and issued its final denial on December 20, 2005. (Court File No. 27); UACL01480. Reliance initially denied Plaintiff's claim on July 14, 2006 (AR0066). Reliance acknowledged receipt of Plaintiff's appeal on September 25, 2006. AR0059. Plaintiff did not receive any further communication from Reliance until December 15, 2006, when he received a letter requesting information. Even though Reliance did not make a final decision concerning Plaintiff's appeal, he filed the instant complaint due to concerns about the statute of limitations. Pursuant to 29 C.F.R. § 2560.503-1, an administrator has 45 days to review an appeal of a benefit determination. If the administrator fails to follow this requirement, the claimant will be deemed to have exhausted his administrative remedies. 29 C.F.R. § 2560.503-1 (l). As Reliance did not make a decision within the required time period, the parties do not dispute Plaintiff has exhausted his administrative remedies.

policy's definition of "disability" in that he did not suffer from the required loss of earnings (Court File No. 30). The definition of "disability" in the Unum policy contains two requirements: (1) the employee must be limited from performing the material and substantial duties of his regular occupation due to sickness or injury ("medical prong"), and (2) the employee must have a 20% or more loss in his indexed monthly earnings due to the same sickness or injury ("financial prong"). UACL01150.[6] Unum denied Plaintiff's claim based on his failure to meet the financial prong of the definition as there is no dispute that Plaintiff was paid his full salary until January 16, 2004 and the last day the Unum policy was effective was December 31, 2003.

Reliance Standard Life Insurance Company ("Reliance") provided two policies to U.S. Xpress–policy number LSC 109631 ("basic policy") and policy number LTD 109638 ("executive policy"). AR0427.[7] The primary difference between the two policies is an employee has to elect coverage and pay his own premiums under the basic policy while U.S. Xpress pays the premiums under the executive policy and an eligible employee is covered without an election. AR0009, 0746. Both policies include a provision for continuation of coverage for employees who were covered under the previous Unum policy. AR0013, 0750. Reliance denied Plaintiff's claim under the basic policy since there was no evidence he had paid premiums or elected coverage.[8]

Based upon both carriers' denial of liability for Plaintiff's claim, he filed the instant action on December 20, 2006 requesting the Court to: (1) determine which carrier is responsible for his

---

[6] The policy defines "indexed monthly earnings" as "your monthly earnings adjusted on each anniversary of payment by lesser of 10% or the current annual percentage increase in Consumer Price Index." UACL01170.

[7] The Court uses these terms for convenience only and not in an effort to define the policies.

[8] Plaintiff does not dispute he never personally paid premiums for disability insurance. He argues his employer paid the premiums on his behalf.

5

long-term disability claim, and (2) award past due, as well as ongoing, disability benefits under the appropriate policy pursuant to the terms and conditions of the Employment Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA") (Court File No. 1).

## II.    STANDARD OF REVIEW

Courts are to review an administrator's benefits denial decision based "solely upon the administrative record" and are not to consider any evidence outside of the administrative record unless offered in support of a procedural challenge (*e.g.*, alleged lack of due process or bias). *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring and delivering the opinion of the panel as to the applicability of summary judgment proceedings to ERISA cases). A denial of benefits decision "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "When such discretionary authority is granted, the highly deferential arbitrary and capricious standard of review is appropriate." *Borda v. Hardy, Lewis, Pollard, & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998) (internal quotation marks and citation omitted).

In this case, both insurance companies argue the arbitrary and capricious standard is appropriate. The Unum policy provides, "[w]hen making a benefit determination under this policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." UACL01146. Additionally, the policy provides, "In exercising its discretionary powers under the Plan, the Plan Administrator and any designee (which shall include Unum as a claims fiduciary) will have the broadest discretion permissible under ERISA and any

6

other applicable laws, and its decisions will constitute final review of you claim by the Plan." UACL01169. The Reliance policy provides, Reliance "shall serve as the claims review fiduciary . . . [which] has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties." AR0015, 0752.

Plaintiff does not dispute the policies contain this discretionary language; however, he argues the language alone in the policy is not enough. Plaintiff contends U.S. Xpress would have had to reserve discretion for itself and then delegate it to the insurance companies for it to be effective. Plaintiff cites no legal authority for this argument. Clearly, Unum and Reliance would be categorized as either "administrators" or "fiduciaries" of the benefit plan for purposes of the *Firestone Tire* rule. They both provided written policies to the plan which they administered. Additionally, both the Unum and Reliance policies specifically indicate they are fiduciaries, and Plaintiff even refers to Reliance as a plan fiduciary (Court File No. 31 at p. 6). Accordingly, the arbitrary and capricious standard is appropriate.

The arbitrary and capricious standard is "the least demanding form of judicial review of administrative action," so a plan administrator's decision will be deferred to as long as it was "rational in light of the plan's provisions," *Osborne v. Hartford Life and Acc. Ins. Co.*, 465 F.3d 296, 302 (6th Cir. 2006); *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997), and there exists "a reasoned explanation, based on the evidence," in support of the outcome, *Abbott v. Pipefitters Local Union No. 522*, 94 F.3d 236, 240 (6th Cir. 1996) (internal quotation marks and citation omitted). "While the arbitrary and capricious standard is deferential, it is not, however, without some teeth." *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006) (indicating "federal courts do not

7

sit in review of the administrator's decisions only for the purpose of rubber stamping those decisions") (internal quotation marks and citation omitted). The Court's obligation under this standard "includes some review of the quality and quantity of the medical evidence and the opinions on both sides of the issues." *Id*.

A conflict of interest exits when the insurer both decides whether benefits should be awarded and pays for those benefits. *Gismondi v. United Techs. Corp.,* 408 F.3d 295, 299 (6th Cir. 2005). However, this conflict of interest does not displace the arbitrary and capricious standard of review; it is only a factor which must be considered by the court when evaluating an administrator's decision under this standard. *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston,* 419 F.3d 501, 506 (6th Cir. 2005). The reviewing court must determine if the conflict influenced the plan administrator's decision in any way. *Evans*, 434 F.3d at 876.

Plaintiff claims he is entitled to long-term benefits under one of the policies at issue although it does not matter to him which Defendant company is responsible (Court File No. 27 at p. 20) ("It makes no difference to Plaintiff which of these companies is responsible, but with continuous coverage, one of them is."). Throughout his brief Plaintiff interchangeably cites to both Reliance's and Unum's administrative record. Both Defendants argue their denial of benefits to Plaintiff should be reviewed based *only* on their own administrative records. In other words, the Court should review Reliance's denial by referring solely to Reliance's administrative record and Unum's denial by referring solely to Unum's administrative record. This argument has merit. In the Untied States Court of Appeals for the Sixth Circuit it is clear that in conducting either a *de novo* review or a review under the arbitrary and capricious standard, the court may only consider evidence presented to the plan administrator. *See Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th

8

Cir.1996) ("When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard, we are required to consider only the facts known to the plan administrator at the time he made his decision."). "The law is clear that a district court is confined to review of the record provided to the administrator if the Plaintiffs' claim is one for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)." *Asgaard v. Administrator, Pension Plan for the Employees of Cleveland-Cliffs, Inc.*, No. 2:06-CV-63, 2007 WL 2076446, *3 (W.D. Mich. July 17, 2007) (citing *Perry v. Simplicity Engineering,* 900 F.2d 963, 967 (6th Cir.1990) for the proposition that "[t]he *de novo* standard of review, like the . . . arbitrary and capricious standard, does not mandate or permit the consideration of evidence not presented to the administrator."); *see also Wilkins*, 150 F.3d at 615 (holding court, reviewing a claim under the *de novo* standard, did not err in excluding evidence from its review which was not part of the administrative record before the plan administrator when it denied the claim). Therefore, Plaintiff's claims against each of the Defendants are independent of each other and the Court will review Unum's denial of Plaintiff's claim separate and apart from Reliance's denial of Plaintiff's claim based upon their respective administrative records.

## III.    DISCUSSION

Plaintiff argues that since his employer, U.S. Xpress, provided "continuous" long-term disability insurance, he was covered by either Unum or Reliance's policy since he is disabled. He does not care which company is responsible, but asserts one of them is liable. However, Plaintiff misses the point. The real issue is whether either the Unum or the Reliance policy, whichever one is determined to have been in effect at the time of Plaintiff's disability, actually covers Plaintiff's claims. *See Hansen v. Metropolitan Life Ins. Co.*, 192 F. App'x. 319, 323 (6th Cir. 2006) ("In

ERISA cases, disability is not a term of art but one that varies from plan to plan.") (citing *Calvert v. Firstar Fin., Inc.,* 409 F.3d 286, 294 n. 4 (6th Cir. 2005)). Any representations made by Plaintiff's employer, U.S. Xpress, are not at issue in this litigation since Plaintiff did not include his employer as a defendant.

      **A.**     **Unum's Denial of Long-Term Disability Benefits to Plaintiff**

Plaintiff argues regardless of the fact that he was paid his full salary by his employer until January 16, 2004, there is no evidence that he actually earned that money; therefore, he should be considered disabled under the Unum Policy. He cites four cases in support of this argument, all of which are inapplicable or not authoritative. First, he cites *Wilcox v. Sullivan*, 917 F.2d 272, 275 (6th Cir. 1990) for the proposition that a person should not be penalized for continuing to work despite a disabling condition. *Wilcox* is an appeal from a denial of Social Security benefits; therefore, it concerns whether the plaintiff met the definition of "disabled," in a physical sense, for Social Security benefits. In contrast, the central dispute in this case is whether Plaintiff met the definition of disability in the Unum policy. Second, Plaintiff cites *Hawkins v. First Union Corporation Long-Term Disability Plan*, 326 F.3d 914 (7th Cir. 2003) for the proposition that "a disabled person should not be punished for heroic efforts to work." *Id*. at 918. In *Hawkins*, the plaintiff sued his employer's long-term disability plan for its denial of benefits; however, the issue in that case was whether plaintiff was physically disabled and not whether he suffered financially. In addition, the case is not authoritative on this Court. Third, Plaintiff cites *Simms v. Weinberger*, 377 F. Supp. 321, 327 (M.D. Fla. 1974) for the proposition that a plaintiff should not be penalized for her courage in attempting to work. *Id*. at 327. This is a district court case out of Florida and is also a Social Security benefits case concerning the plaintiff's physical condition.

Fourth, Plaintiff argues *Hansen v. Metropolitan Life Ins. Co.*, 192 F. App'x 319 (6th Cir. 2006), a case cited by Unum in support of its position, actually strengthens his position. In *Hansen*, a claimant was denied disability benefits under a policy which defined "disabled" as meaning "that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and . . . you are *unable to earn* more than 80% of your Predisability Earnings." *Id*. at 321. Therefore, the court focused on whether or not the plaintiff in that case "earned" her full salary, as the plan required, "rather than receiving payment for some other reason, such as vacation or sick-leave pay, or mere charity" when she worked from home for several months. *Id*. To the contrary, the Unum policy does not confine the definition of "disability" on a claimant's ability to "earn" his salary. It specifically provides, "you have a 20% or more *loss* in your indexed monthly earnings due to the same sickness or injury." UACL01150. Regardless, Plaintiff admits that it is "undisputed that Mr. McKay *earned* his pay for December 31, 2003" (Court File No. 31 at p. 4) (emphasis added).

Accordingly, it is clear Plaintiff's argument that he should not be punished for his attempt to continue to work or for his employer's "generosity" in continuing to pay him is without any legal support and must fail. Plaintiff simply cannot satisfy the definition of "disabled" contained in the Unum policy, i.e., he did not suffer from a 20% or more *loss* in his earnings during the effective period of the Unum policy.[9] Therefore, Unum's decision to deny him benefits was not arbitrary and

---

[9] Unum also argues Plaintiff did not prove he was medically disabled during its policy's effective period. Unum alleges there is no evidence in its administrative record which establishes Plaintiff's neck condition rendered him limited from performing the material and substantial duties of his occupation (Court File No. 30). Unum contends the medical evidence in the record does not support a finding of medical disability during the Unum coverage period. UACL01245 ("at this late date, there is not sufficient objective medical evidence to support disability in 12/03").

will be upheld.

In an effort to save his claim against Unum, Plaintiff argues Unum unreasonably interpreted the definition of "disability" contained in its policy (Court File No. 31).[10] Specifically, he argues that under Unum's definition of "disability" a claimant must be *actively at work* in order to be covered; however, the claimant still must also show a loss of earnings.[11] Plaintiff does not cite to the portion of the Unum policy which requires a claimant to be *actively at work*; therefore, the basis of this argument is unclear. Plaintiff seems to focus on the medical prong of the definition of "disability" contained in the Unum policy (the employee must be limited from performing material and substantial duties). Unum denied Plaintiff's claims based on the second financial prong of the definition (the employee must have a 20% or more loss in earnings); therefore, Plaintiff's argument must fail since Unum's interpretation of the second prong of the definition was reasonable. It is also unclear exactly what type of relief Plaintiff is requesting with this argument. Plaintiff does not ask the Court to strike the policy language or find it unconscionable. The Court's task in an ERISA case is to review the administrative record and determine if the administrator's decision was unreasonable. In this case it appears Unum conducted a reasonable investigation as evidenced by its administrative record, which is 1500 plus pages in length.

For the foregoing reasons, Plaintiff was not covered under the Unum policy. Accordingly,

---

[10] In making this argument, Plaintiff seems to concede that he does not meet the definition of "disability" in the Unum policy.

[11] Plaintiff cites two cases which he indicates rejected similar interpretations of long-term disability policies. *Locker v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 297 (2nd Cir. 2004); *Radford Trust v. First Unum Life Ins. Co. of Am.*, 321 F. Supp.2d 226, 247 (D. Mass. 2004). In addition to not being authoritative, these cases are inapposite as they do not concern the financial prong of the Unum policy's definition of "disability." These cases criticize Unum's interpretation of the medical prong of the definition of "disability" contained in Unum policies.

Unum's decision to deny Plaintiff benefits will be upheld as it is supported by the administrative record and Plaintiff's motion for judgment on the record will be **DENIED** as to the Unum Defendants, Unum Life Insurance Company and UnumProvident Corporation.

B.      Reliance's Denial of Long-Term Disability Benefits to Plaintiff

Reliance denied Plaintiff's claim under the basic policy based upon his failure to enroll in coverage and to pay premiums.[12] Plaintiff argues Reliance provided no justification for relying on the basic policy and acted arbitrary and capriciously in choosing that policy over the executive policy. He specifically requests the Court to decide whether the basic or executive policy covered him.

The Reliance executive and basic policies define eligible classes of employees. The executive policy covers "executives graded as E-11 - E-23 and sales employees graded S1 - S6." AR0745. The basic policy covers "office employees" and "drivers." AR0007. However, none of the parties point to any evidence in the Reliance administrative record of exactly which classification Plaintiff fits within. Reliance did not mention how it determined Plaintiff was governed by its basic policy in its denial letter. Reliance summarily states "since you were employed as Legal Counsel with U.S. Xpress, you would have been considered a Class one employee, and would have to contribute 100% towards your premiums in order to be eligible for Long-Term Disability." AR0066. However, "Class one" employee is not defined and Reliance did not place Plaintiff in one of the classifications provided by the terms of its policies. Reliance claims there is no evidence in

---

[12] Plaintiff claims that since Unum determined he was covered by its executive policy, there is no reason to believe that he was not covered by Reliance's executive policy also. However, Plaintiff cites the Unum record for this proposition. The Unum record cannot be considered in evaluating Reliance's denial of benefits.

its administrative record that Plaintiff fell within either of the eligible classes under the executive policy. Additionally, Reliance argues U.S. Xpress provided it with a description of Plaintiff's job which did not specifically identify him as either an "E11 - E23 or S1 - S6" employee. AR0077.

The basis of Reliance's denial seems to be a communication it had with U.S. Xpress. On June 14, 2006, a claims examiner for Reliance asked Joanie Sutton of U.S. Xpress to determine when Plaintiff was eligible for benefits under the Unum plan and what he contributed to that plan. Ms. Sutton responded, "I don't show he ever elected Long Term or Short Term, so therefore he would never have had an effective date. Not sure if he ever pursued STD benefits, may want to ask Chris. I know he had a company paid STD policy, that was effective 1/1/02." AR0076. Plaintiff argues this statement is inconsistent with information provided to Unum by U.S. Xpress. However, Plaintiff improperly cites the Unum administrative record for this proposition. Reliance argues it can be inferred from Ms. Sutton's statement that Plaintiff was never covered by the Unum policy under which his employer paid the premiums. Despite this confusion, one thing is clear: Reliance never expressly asked U.S. Xpress to clarify this statement or which coverage class Plaintiff was in. This failure to further investigate was unreasonable and arbitrary. *See Kalish v. Liberty Mutual/Liberty Life Assur. Co. of Boston,* 419 F.3d 501, 512 (6th Cir. 2005) (discussing duty to investigate); *Killian v. Healthsource Provident Adm'rs*, 152 F.3d 514, 521 (6th Cir. 1998).

Plaintiff also argues that because the Unum policy did not require Plaintiff to elect coverage, the transfer of coverage provision of the Reliance policy cannot require Plaintiff to have elected coverage. Both Reliance policies contain a "transfer of insurance coverage" provision. It provides that an employee not actively at work who was covered under a prior group policy on the effective date qualifies for coverage under the Reliance policies if: (1) the employee was insured by a prior

14

carrier on the date of transfer, (2) premiums are paid, and (3) total disability began on or after the policy's effective date, January 1, 2004. AR0013, 0750. Plaintiff contends his claim is covered by this provision in Reliance's executive policy.

Plaintiff asserts he meets the first two requirements since he had coverage through Unum and U.S. Xpress paid premiums on his behalf under its executive policy. However, none of the parties point to evidence in the Reliance administrative record which proves premiums were paid on his behalf by his employer. In order to met the third requirement, Plaintiff argues he was disabled on or after January 1 since he did not go into the office after December 31 and there is evidence he attempted to continue working. Plaintiff claims he was "automatically" covered under the executive policy at 12:01 a.m. on January 1, without having to "elect" coverage.

Reliance asserts Plaintiff does not met any of the three requirements. First, it asserts Plaintiff was not covered by the Unum policy based on Ms. Sutton's statement. This argument seems unreasonable because Ms. Sutton's statement was inconsistent and ambiguous. Reliance had a duty to further investigate its meaning. Second, Reliance contends that U.S. Xpress did not enroll Plaintiff in the executive policy and "U.S. Xpress never paid premiums for [Plaintiff's] coverage under Policy No. LTD 109638 [the executive policy]." (Court File No. 29 at p. 8). The Reliance record lacks evidence concerning the payment of premiums by U.S. Xpress. However, the Unum record indicates Plaintiff was enrolled in his employer's executive long-term disability plan until January 19, 2004. UACL01461. Plaintiff argues that since the Reliance policy is still in effect, obviously payments have been made.

Finally, Reliance argues Plaintiff does not met the third requirement since he became disabled *before* the effective date of its coverage, January 1, 2004. Reliance argues Plaintiff admits

15

that he last went into the office on December 31, 2003, and that he told the Social Security Administration he became disabled on December 17, 2003, and it agreed with him. AR0172, 0175. However, the definition of "disability" is different for Social Security benefit purposes, and there is evidence Plaintiff's date of disability is on or after January 1, 2004, because he was able to work in the office as late as December 31, 2003, and may have been able to work from home after that. There is no evidence Reliance ever analyzed whether Plaintiff meet its definition of "disabled."

Reliance also contends Plaintiff did not argue it applied the wrong policy in his administrative appeal; therefore, evidence of that issue is not contained in the administrative record and Plaintiff is precluded from making that argument in the instant case before this Court. Reliance relies on the Sixth Circuit's statement that courts should be "reluctant to stray from the administrative record where . . . the proffered evidence is one person's post hoc explanation of an administrative body's decision." *University Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 849 n.7 (6th Cir. 2000). However, Plaintiff is not requesting the Court to consider evidence not included in the administrative record; rather, he argues Reliance's decision was unreasonable in light of the existing administrative record.

Since it does not appear that Reliance ever made a final decision regarding Plaintiff's administrative appeal of its initial decision to deny benefits, Plaintiff's claim will be **REMANDED** to Reliance for further investigation and proceedings. Additionally, the Reliance administrative record is incomplete and there are several inconsistencies in the facts since Plaintiff interchangeably referred to both administrative records.[13] Plaintiff even requests remand as a possibility in his reply

---

[13] There is case law to support a remand when the administrative record is incomplete. "Once a court finds that an administrator has acted arbitrarily and capriciously in denying a claim for benefits, the court can either remand the case to the administrator for a renewed evaluation of

brief (Court File No. 31, p. 14).

On remand Reliance should further develop its administrative record and determine: (1) which policy covered Plaintiff - policy number LSC 109631 ("basic policy") or policy number LTD 109638 ("executive policy") - by specifically placing Plaintiff in one of the categories of eligible employees contained in its policies, and (2) whether he is covered under the appropriate policy by applying the specific terms and definitions of that policy to Plaintiff's claim. It is inevitable that the parties will continue to argue over the exact date Plaintiff became disabled; however, that is an issue which must be addressed in light of the specific terms of Reliance's policy after further investigation.

**C. Reliance's Claim for Attorney's Fees**

Reliance claims it is entitled to recover the attorney fees it incurred in defending this action (Court File No. 31, p. 11). Because the Court is remanding this case and not entering judgment for Reliance, the Court will **DENY WITHOUT PREJUDICE** Reliance's claim for attorney's fees.

**IV.   CONCLUSION**

For the foregoing reasons, Court will **DENY** Plaintiff's motion for judgment on the ERISA record (Court File No. 26) and **DISMISS** Plaintiff's claim against Unum and **REMAND** Plaintiff's

---

the claimant's case or it can award a retroactive reinstatement of benefits. *Cook v. Liberty Life Assurance Co.*, 320 F.3d 11, 24 (1st Cir.2003). Remand of an ERISA action seeking benefits is inappropriate where the difficulty is not that the administrative record was incomplete but that a denial of benefits based on the record was unreasonable. *Zervos v. Verizon New York, Inc.*, 277 F.3d 635, 648 (2d Cir.2002) (quoting *Zuckerbrod v. Phoenix Mut. Life Ins. Co.,* 78 F.3d 46, 51 n. 4 (2d Cir.1996)). A retroactive grant of benefits is also permissible without remanding the case when there are no factual determinations to be made. *Williams v. Int'l Paper Co.,* 227 F.3d 706, 715 (6th Cir.2000). On the other hand, the remedy when a plan administrator fails to make adequate findings or to explain adequately the grounds of its decision to deny a claim for benefits is to remand the case to the administrator for further findings or explanation. *Caldwell v. Life Ins. Co. of North America,* 287 F.3d 1276, 1288 (10th Cir.2002); *see also Bernstein v. Capitalcare, Inc.,* 70 F.3d 783, 790 (4th Cir.1995)." *Bishop v. Sun Life Assur. Co. of Canada*, No. 06-38-JBC, 2007 WL 141051, *5 (E.D. Ky. Jan. 17, 2007).

claim against Reliance for further investigation as specified above.

An Order shall enter.

                                            **/s/**
                                            **CURTIS L. COLLIER**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**