UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PAUL MCKAY                                    )
                                              )
    *Plaintiff*                               )
                                              )   No. 1:06-cv-267
v.                                            )
                                              )   Collier/Carter
RELIANCE STANDARD LIFE INSURANCE              )
COMPANY, UNUMPROVIDENT                        )
CORPORATION, and UNUM LIFE INSURANCE          )
COMPANY                                       )
                                              )
    *Defendants*                              )

REPORT AND RECOMMENDATION

I.  Introduction

Plaintiff's motion and amended motion for attorney's fees (Docs. 36 and 39) from defendant Reliance Standard Life Insurance Company (Reliance) are pending before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B). Reliance responds in opposition based upon its contentions that plaintiff was not a "prevailing party" and that plaintiff cannot satisfy the five *King*[1] factors. For the reasons stated herein, it is RECOMMENDED plaintiff's motion for attorney's fees be GRANTED, and plaintiff be awarded $17, 300.00 in attorney's fees.

II. Background

The District Court had before it a Motion for Judgment on the Pleadings (Doc. 26) by which plaintiff sought to have the Court overrule Reliance's decision to deny his claim for

---
[1] *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

disability benefits. For reasons set forth in detail in it's September 28, 2007 Memorandum, the Court denied plaintiff's Motion for Judgment on the ERISA record and dismissed plaintiff's claim against Unumprovident Corporation and Unum Life Insurance Company but remanded plaintiff's claim against Reliance for further investigation. Plaintiff now seeks attorney's fees from Reliance pursuant to ERISA § 502(g)(1), (29 U.S.C. § 1132(g)(1)).

### III. Analysis

**A.     Entitlement to Attorney's Fees:**

In an action to recover ERISA benefits by a plan participant, "the court in its discretion may allow a reasonable attorney's fee . . . to either party." 29 U.S.C. § 1132(g)(1). This Circuit requires the district court to consider five factors in deciding whether to award attorney's fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons in similar circumstances; (4) whether the party requesting fees sought to confer a common legal benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. No single factor is determinative. *Schwartz v. Gregori,* 160 F.3d 1116, 1119 (6th Cir. 1998). *See also, Secretary of Dep't of Labor v. King,* 775 F. 2d 666, 670 (6th Cir. 1985).

Reliance argues that plaintiff has only secured a remand, that there has been no decision by the Court on plaintiff's eligibility under the Reliance disability policy and, therefore, plaintiff has not "prevailed" on his claim for benefits. Reliance contends any request for attorney's fees is premature.

Both parties can cite case law in support of their respective positions. In *Soltysiak v.*

*UNUMProvident Corp*., 480 F.Supp.2d 970, 974 (W.D.Mich. 2007), the court agreed that where the plaintiff obtained a reversal of defendant's denial of benefits and an order requiring defendant to conduct a full and fair review of plaintiff's disability claim, an award of attorney's fees was appropriate. *See also*, *Elliott v. Metropolitan Life Ins. Co.*, 2007 WL 1558519 (E.D. Ky. 2007) (unpublished) (awarding attorney's fees in a case remanded for further review); *Green v. The Prudential Ins. Co. of America*, No. 3:04-0078 (M.D. Tenn. June 14, 2005) (same); *Christian v. Dupont-Waynesboro Health Care Coverage*, 12 F. Supp.2d 535, 536 (W.D. Va. 1998) (same); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir. 1995) (same).

On the other hand, in *Platt v. Walgreen Income Protection Plan*, 2006 WL 3694580 *2 (M.D. Tenn. Dec.14, 2006) (unpublished), the court held an award of fees was not warranted upon the Court's Order of remand reasoning that, absent a determination that plaintiff was entitled to benefits, an award of attorney's fees was premature. *See also*, *Baca-Flores v. Hartford Life & Accident Ins. Co.*, 2006 WL 2130528 (E.D. Mich. July 28, 2006) (unpublished) (denying motion for attorney's fees based on remand where motion was filed after judgment on merits was entered for defendant. Court reasoned that plaintiff was not a prevailing party). [2]

In considering the respective positions of both parties, I find it significant that the ERISA attorney's fee provision does not limit its application to "prevailing" parties. It merely provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either

---

[2]Defendant also cites *Giraldo v. Building Service 32B-J Pension Fund*, 2007 WL 274416 (2d Cir. July 20, 2007). I found no such case at this citation. I did find *Giraldo v. Building Service 32B-J Pension Fund*, 502 F.3d 200 (2d Cir. Sept. 20, 2007) (per curiam) in which the Second Circuit considered whether an appeal of a denial of attorney's fees based on a remand to the plan administrator constituted a final judgment for which the Court of Appeals had subject matter jurisdiction to review. The Second Circuit concluded it did not but did not address the merits of the attorney's fee issue. *Id.* at 202-204.

3

party." 29 U.S.C. § 1132(g)(1). Section 1132(g) "confers broad discretion on a district court in making the award of attorney's fees." *Sec'y of Dept. of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985). Nevertheless, as Reliance notes, the Sixth Circuit has held that it would be "an abuse of discretion for the district court to award attorney's fees to a losing party." *Cattin v. General Motors Corp.,* 955 F.2d 416, 427 (6th Cir.1992) (quoting *Bittner v. Sadoff & Rudoy Indus.,* 728 F.2d 820, 829 (7th Cir.1984)). *See also Webb v. Cariten Ins. Co.,* 2006 WL 1976176, *4 (6th Cir.2006) (holding that award of attorney's fees to loser was abuse of discretion). Accordingly, some degree of success on the merits is generally required before a party is eligible for an award of attorney's fees. *See Ruckelshaus v. Sierra Club,* 463 U.S. 680, 682 (1983) (holding that a plaintiff must achieve "some success on the merits" to be eligible for fees under the Clean Air Act); *Cattin,* 955 F.2d at 427 (noting with approval the Seventh Circuit's application of *Ruckelshaus* in an ERISA case). Nevertheless, there is no requirement that a party prevail entirely in order to be eligible for attorney's fees. *Douglas v. Evans Industries, Inc.,* 184 F.Supp.2d 636, 639 (E.D.Mich.2001) (plaintiff was prevailing party entitled to fees even though she obtained judgment for less than amount sought). In this case, plaintiff is not a "loser;" rather, it appears plaintiff has had a substantial level of success on the merits even if benefits were not granted. Further, I find the reasoning of the District Court in *Elliot v. Metropolitan Life Ins. Co.,* 2007 WL 1558519 * 1 (E.D. Ky May 29, 2007) in allowing attorney's fees to the plaintiff upon remand to be especially persuasive:

> Defendant's argument that Plaintiff did not "prevail" to at least
> some degree is questionable because of the rather significant hurdle
> that the "arbitrary and capricious" standard represents to plaintiffs
> and the reality that the failure to provide a reasoned denial
> necessitated the litigation and attendant fees in question.

4

I therefore conclude the better view concerning granting attorney's fees upon remand for a full and fair review under an arbitrary and capricious standard is that held by the cases cited by plaintiff. Therefore, I will turn to an analysis of the five factors under *Schwartz* and *King.*

**(1) The degree of the opposing party's culpability or bad faith**:

An examination of the District Court's Memorandum (Doc. 33) reveals there was significant culpability attached to Reliance in this case which necessitated the need to remand; whether this rises to bad faith is unclear but is not determinative since this factor requires culpability "or" bad faith, not both. See [Elliott v. Metropolitan Life Ins. Co., 2007 WL 1558519*3 (E.D. Ky 2007)](#) ("[t]here is a distinction between culpability or bad faith, as evidence[d] by the inclusion of both terms and the presence of 'or...'")

In the instance case, the plaintiff was employed as general legal counsel by U.S. Xpress Enterprises, Inc. (U.S. Xpress). Beginning January 1, 2004, Reliance was U.S. Xpress' long term disability insurance carrier. Immediately prior to January 1, 2004, Unumprovident Corporation and Unum Life Insurance Company provided U.S. Xpress with long term disability insurance coverage.

U.S. Xpress had two types of long term disability policies with Reliance, an executive policy and a basic policy. The basic policy covered "office employees" and "drivers" while the executive policy covered "executives graded as E-11 - E-23 and sales employees graded as S1 - S6." Under the executive policy, eligible persons were automatically covered and U.S. Xpress paid their premiums. Under the basic policy, eligible employees had to elect coverage and pay their own premiums. Reliance denied the plaintiff's claim on the basis that he was covered under the basic policy but had not elected coverage or paid premiums. In reviewing Reliance's denial,

5

the District Court found that Reliance had "summarily" concluded, *i.e.*, without supporting evidence, that plaintiff fell under the basic policy coverage and failed to make a reasonable investigation to determine whether plaintiff fell within that class of executives graded as E-11 - E-23 or whether plaintiff fell within that class of employees graded as office employees.[3] The District Court found "[t]his failure to investigate was unreasonable and arbitrary." (Memorandum at 14.) Reliance also made other arguments to the District Court in support of its decision. First, Reliance argued that plaintiff had not been covered by the Unum policy and therefore could not have had his coverage automatically extended to the Reliance policy. Reliance also argued that U.S. Xpress had not enrolled plaintiff in the executive policy and had not paid premiums for the plaintiff. Finally, Reliance argued plaintiff had become disabled before the effective date of its coverage beginning January 1, 2004. However, in each instance, the Court found insufficient evidence to support Reliance's position and that Reliance had failed to fulfill its duty to investigate fully plaintiff's claim. The Court ultimately concluded the administrative record was incomplete and remanded for further investigation. (Memorandum at 17-18).

Nevertheless, in opposition to plaintiff's request for attorney's fees, Reliance attempts to reargue the merits of this case by asserting there was no bad faith in its denial of plaintiff's claim because Mr. McKay became disabled before the Reliance policy went into effect on January 1, 2004. As previously indicated, the District Court addressed that issue in its Memorandum and concluded that remand for further analysis and investigation was still necessary. In sum,

---

[3]The undersigned is assuming, based on the plaintiff's job title as general legal counsel, that he would not have been categorized as a salesperson or driver. In any event, that assumption is immaterial for purposes of this motion. The District Court remanded this action for investigation into plaintiff's job category, whatever that might be.

Reliance's culpability leading to the need for remand is significant. This first factor favors the plaintiff.

**(2) The opposing party's ability to satisfy an award of attorney's fees**:

Reliance concedes its ability to satisfy an award of attorney's fees. This factor weighs in favor of plaintiff.

**(3) The deterrent effect of an award on other persons in similar circumstances:**

Even though the District Court did not award benefits to plaintiff, requiring a remand to the administrator is itself a form of specific deterrence upon Reliance. Overcoming the arbitrary and capricious standard also provides a general deterrence to other insurance companies because they will know that failure to provide a full and fair review could result in an award of attorney's fees. *See Elliott,* 20007 WL 1558519 at 3. This third factor weighs in favor of plaintiff.

**(4) Whether the party requesting fees sought to confer a common legal benefit on all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA**:

This is an individual claim for benefits that relies on settled law. Plaintiff argues the case will insure continued compliance with settled law and this is perhaps so. However, since this case sought a private benefit and relied on settled law, this factor weighs in favor of defendant.

**(5) The relative merits of the parties' positions**:

Defendant here argues plaintiff was not a prevailing party in the truest sense, having secured only a remand. As set out above, my review of the Memorandum of the District Judge reflects not only that the decision of Reliance was arbitrary and capricious, but the process followed by Reliance was so flawed that it reflected conduct that was highly culpable. Further,

Reliance's failure to provide initially a full and fair review of the plaintiff's claim was costly, in terms of time and attorney's fees. Here, plaintiff was clearly the prevailing party, even though only remand was accomplished. Plaintiff's position was clearly more meritorious, having prevailed on an arbitrary and capricious standard. There were serious flaws in Reliance's decision-making process and a lack of substantial justification for Reliance's position. For those reasons, I conclude the fifth factor, the relative merit of the parties' positions, weighs in favor of plaintiff.

Upon review of all the *Schwartz* and *King* factors, I am satisfied that allowing plaintiff reasonable attorney's fees and costs in this case is appropriate.

**B.    Amount of Attorney's fees:**

A party seeking attorney's fees under a federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999), *Brooks v. Invista*, 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2; *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *overruled in part on other grounds by Pollard V.E. I. DuPont Nemours & Co.*, 532 U.S. 843 (2000) (holding front pay does not constitute compensatory damages and thus is not subject to the statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)).

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended

8

by a reasonable hourly rate.[4]  *Web v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Secretary of the Treasurer,* 227 F.3d 343, 349 (6th Cir. 2000); *Brooks*, 528 F.Supp.2d at 788.  The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case by case basis. *Hensley*, 461 U.S. at 429, *Brooks*, 528 F.Supp.2d at 788. [5]

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community for the same type of work at issue.  *Adcock-Ladd,* 227 F.3d at 350; *Reed*, 179 F.3d at 473, *Brooks,* 528 F.Supp.2d at 788.  The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction. *Adcock-Ladd,* 227 F.3d at 350; *Hudson*, 130 F.3d at 1208.  The "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community.  *Id.*  That rate may not, however, exceed the amount necessary to cause

---

[4] The provision permitting the award of attorney's fees under ERISA is 29 U.S.C. § 1132(g), for the FLSA it is 29 U.S.C. § 216(b) and for the THRA it is Tenn Code Ann. § 4-21-306(a)(7).

[5] There are twelve factors which the district court may consider in determining the basic lodestar fee and whether to make adjustments thereto.  *Reed*, 179 F.3d at 471; *see also Hensley,* 461 U.S. at 434 n. 9.  These factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results  obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 472 n. 3; *see also Hensley*, 461 U.S. at 430 n.3.

competent legal counsel to perform the work required. *Coulter v. Tennessee,* 805 F.2d 146, 148 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.") (citing *Reed*, 179 F.3d at 471). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 805 F.2d at 149; *see also Reed*, 179 F. 3d at 472 (same); *Hudson*, 130 F.3d at 1208 (same).

Factors particularly relevant to this case in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley,* 461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Id*. at 434.

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *Id.* Other considerations may lead the district court to adjust the fee. *Id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar,* 506 U.S. at 115; *see also, Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial

success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434. Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee,* 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable attorney's fee,' and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance") (citing *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 711 (1986)).

Plaintiff makes the following claim for fees:

*1. Hours*

Plaintiff claims 65.55 attorney hours to be compensated at a rate of $250 per hour, or $16,387.50; 6.5 hours of paralegal time to be compensated at a rate of $90 per hour, or $562.50, plus the $350 filing fee paid to commence this action. This calculates to a total figure of $17,300.00. An affidavit of hours spent including the identity and qualifications of each attorney is attached to the brief in support of their motion.

2.  *Market hourly rate*

Plaintiff asserts that $250 per hour is the reasonable market rate for representation in this case. Counsel further asserts the law firm's current published hourly rate is $325 and supports this with an attached affidavit of Eric Buchanan. (*See attached Exhibit A to the motion*). Counsel asserts this rate is not theoretical; *i.e.* the firm does have clients who are paying that rate. *Id. See also National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"). However, plaintiff does not seek fees from Reliance at a greater hourly rate than the $250/$90 per hour which his contract of representation would call for should a *quantum meruit* value for services need to be calculated (See contract, Doc. 42).

Plaintiff submits in his brief that Social Security litigation is somewhat analogous to ERISA long term disability claims, as both involve federal court litigation, decided on written motions for judgment, restricted to the administrative record, concerning medical proof of disability. If anything, they argue, ERISA litigation is more involved in that it is apt to be more adversarial, as opposed to Social Security litigation where one party is an ostensibly neutral government agency.

Plaintiff points to a finding of this court over ten years ago, that an hourly rate of up to $200 per hour was reasonable for Social Security representation. *See Green v. Apfel*, No. 1:96-cv-458 (E.D. Tenn. Dec. 10, 1998) (J. Powers). The *Green* litigation was commenced in 1996, and the opinion cites older cases awarding $200 per hour in 1994. *Id.* At 7. Further, plaintiff shows from January 1994 to August 2007 the consumer price index (CPI-U) rose from 146.2 to

12

207.9. *See* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. The same percentage increase would make a $200 per hour rate in 1994 a $284 per hour rate in 2007.

In light of the foregoing, the experience and qualifications of the attorneys for plaintiff, the fact that plaintiff agreed to the rate reflected in the agreement between himself and counsel and the fact that Reliance does not appear to contest the hourly rates sought, the requested rates of $250 per hour for attorney time and $90 per hour for paralegal time appear reasonable to the undersigned and are therefore approved along with the requested filing fee.

### IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that plaintiff's motion for attorney's fees (Docs. 36 and 39) be GRANTED and that the plaintiff be AWARDED attorney's fees and costs in the amount of $17, 300.00.[6]

Dated: July 17, 2008
s/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[6] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).