UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PAUL MCKAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06-CV-00267 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| UNUMPROVIDENT CORPORATION, ) | |
| ) | |
| UNUM LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Paul McKay's motion to reopen his case (Court File No. 46). Previously, McKay had filed a motion for judgment on the pleadings (Court File No. 26) in his action for wrongful denial of long-term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). This Court denied Plaintiff's motion, dismissed his claim against Defendants Unum Life Insurance Company and Unumprovident Corporation (collectively the "Unum Defendants"), and remanded his claim against Reliance Standard Life Insurance Company ("Reliance") for further investigation (Court File No. 34). Specifically, the Court ordered Reliance to further develop its administrative record and to determine (1) whether Plaintiff fell under Reliance's "basic policy" or its "executive policy," and (2) whether he was covered under the appropriate policy by its specific terms and definitions (Court File No. 33). After entry of the order in Court File No. 34, Plaintiff's civil case was terminated.

It appears, from an exhibit filed with his reply to the Unum Defendants' response to his

motion to reopen (Court File No. 51 Ex. A), that on remand, Reliance denied long-term disability benefits to Plaintiff after assessing his claim under the "executive policy." Plaintiff filed the motion to reopen his case to challenge this denial (Court File No. 46). On the face of Plaintiff's motion, he attempts to bring no new claims against the Unum Defendants, even though he names them in the case caption (*id.*).

After Reliance denied him benefits on remand, Plaintiff filed his motion to reopen the case to challenge the denial. The question raised, then, is whether an ERISA plaintiff who has been denied benefits on remand may challenge the denial by filing a timely motion in the same action, or must initiate a new action. The Sixth Circuit decided this question in *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535 (6th Cir. 2004). There, the plaintiff's pension provider attempted to appeal from an order of remand for a determination of eligibility for benefits under the correct disability definitions. *Id.* at 536. The Sixth Circuit dismissed the appeal for lack of jurisdiction, holding that such a remand does not constitute a final judgment, *id.*, and that either party could challenge the remand determination in the same action, *id.* at 537. *See also Petralia v. AT&T Global Info. Solutions Co.*, 114 F.3d 352, 354 (1st Cir. 1997) ("Ordinarily implicit in a federal district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action.").

For the foregoing reasons, the Court **REINSTATES** Plaintiff's case against Reliance. The case will be in the same posture it was in before remand. This means Plaintiff's claim against the Unum Defendants is, as it was before, dismissed.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

3