UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PAUL MCKAY )
)
    Plaintiff, )
) Case No. 1:06-CV-267
v. )
) Chief Judge Curtis L. Collier
RELIANCE STANDARD LIFE INSURANCE )
COMPANY, UNUMPROVIDENT )
CORPORATION, and UNUM )
LIFE INSURANCE COMPANY )

    Defendants.

## MEMORANDUM

Before the Court is a report and recommendation ("R&R") (Court File No. 47) from United States Magistrate Judge William B. Mitchell Carter recommending the award of attorney's fees to Plaintiff Paul McKay. Defendant Reliance Standard Life Insurance Company has filed an objection to the R&R (Court File No. 50) and Plaintiff has responded to the objection (Court File No. 52). For the reasons below, as well as the reasons set forth in the R&R, this Court will **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation.

### I. FACTS AND PROCEDURAL HISTORY

The action which occasioned the R&R arises under the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The background to Plaintiff's assertion of disability and grounds for his lawsuit against Defendant has been developed by the Court in the memorandum accompanying its September 28, 2007 order dismissing Plaintiff's claims against Unumprovident Corporation and Unum Life Insurance Company (Court File No. 33). As part of that order, the Court remanded Plaintiff's claim against Defendant Reliance for further

investigation (Court File No. 34). Specifically, Defendant was to determine (1) whether Plaintiff would fall within its "basic policy" or its "executive policy" during the time of his disability, and (2) once the appropriate policy was established, whether Plaintiff was covered by it under the policy's specific terms and definitions (Court File No. 33).

Shortly after entry of that order, Plaintiff moved for attorney's fees of $17,300.00 pursuant to ERISA § 502(g)(1), codified at 29 U.S.C. § 1132(g)(1) (Court File No. 36). Plaintiff amended his motion to make clear he sought attorney's fees only against Defendant Reliance, not Unumprovident Corporation or Unum Life Insurance Company (Court File No. 39). In his brief supporting the amended motion, Plaintiff argued that application of the five-factor test from *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998), should result in an attorney's fee award to him. He also argued, citing various district court cases, that he became a "prevailing party" when he obtained a remand against Defendant and, as such, would be eligible for attorney's fees.

Defendant's response argued Plaintiff did not prevail by obtaining a remand and therefore was not entitled to a fee award (Court File No. 43). It argued that because a remand to a plan administrator for a decision is not an appealable final decision, *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 538 (6th Cir. 2004), a fee award would be inappropriate because it is "an abuse of discretion for the district court to award attorney's fees to a losing party," *Cattin v. Gen. Motors Corp.*, 955 F.2d 416, 427 (6th Cir. 1992). Defendant also cited its share of district court cases which refused to award attorney's fees after remand to a plan administrator. Additionally, Defendant contended, even if Plaintiff could be considered a prevailing party, he would not be entitled to fees under the *Schwartz* five-factor test.

In issuing the R&R (Court File No. 47), Magistrate Judge Carter took into consideration the

2

cases cited by both parties. After considering the cases, and the language of 29 U.S.C. § 1132(g)(1), Judge Carter concluded "the better view concerning granting attorney's fees upon remand for a full and fair review under an arbitrary and capricious standard is that held by the cases cited by plaintiff" (*id.* at 5). Turning to analyze the five *Schwartz* factors, Judge Carter held it was appropriate to award reasonable attorney's fees and costs to Plaintiff. He then used the lodestar method to calculate a fee figure of $17,300.00. Defendant timely filed an objection to the R&R (Court File No. 50) and Plaintiff timely responded (Court File No. 52).

## II. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Defendant objects to two findings in the R&R. First, it argues a fee award is inappropriate at this time because Plaintiff has not "prevailed." Second, it argues that even if Plaintiff is a prevailing party, he is not entitled to a fee award under the five-factor test set forth in *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998) (Court File No. 50).

### A. Application of Prevailing Party Standard

29 U.S.C. § 1132(g)(1) provides: "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In objecting to the R&R, Defendant repeats its argument that because a

3

remand to a plan administrator is not a final decision on the merits, Plaintiff has not yet prevailed. Plaintiff responds that by achieving a remand, he has become eligible for attorney's fees.

Both parties, however, are missing the threshold question, which is whether a party must be deemed a "prevailing party" at all to be awarded attorney's fees under ERISA. On its face, the statute contains no prevailing party requirement, but leaves to the court's discretion whether to award attorney's fees. Some courts, however, have read a prevailing party requirement into § 1132(g)(1). There is a significant split of authority between—and within—federal appeals courts on whether § 1132(g)(1) requires a party to prevail for a fee award, and the Sixth Circuit has not ruled definitively on the issue. *See* Eric C. Surette, Annotation, *Requirement that Party Prevail to Obtain Attorney's Fees under § 502(g) of ERISA*, 172 A.L.R. Fed. 571 (2001) (identifying the circuit split and collecting cases).

The Second and Eleventh Circuits clearly reject the prevailing party requirement. *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000) (reemphasizing the statutory language that "a court has discretion to award attorney's fees 'to either party' in an ERISA action"); *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993) ("Unlike other fee-shifting provisions, which give the court discretion to award fees to a prevailing party, § 1132(g)(1) allows a court to award fees to either party. The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action.") (citations omitted).

Conversely, the Fourth Circuit reads a prevailing party requirement into the statute. *Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115 F.3d 1201, 1210 (4th Cir. 1997) ("Because of the strong suggestions in our own precedent, supported by the weight of authority from other circuits, we now make clear that in the Fourth Circuit, only a prevailing party is entitled to consideration for

4

attorneys' fees in an ERISA action."). The Tenth Circuit also has a prevailing party requirement. *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 828 (10th Cir. 1996) (declining to award attorney's fees to plaintiff, or to remand to the district court for an explanation, because plaintiff did not prevail on any of his claims); *Arfsten v. Frontier Airlines, Inc. Ret. Plan for Pilots*, 967 F.2d 438, 442 n.3 (10th Cir. 1992) ("Because we reverse the district court's decision on the merits, plaintiff is not a prevailing party, and his arguments on attorney's fees are moot.").

Other circuits have conflicting authority within them. *Compare Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 543 (5th Cir. 2007) ("[W]e read [*Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)] now as establishing, for ERISA's fee-shifting provision, a 'prevailing party' test, analogous to the test under Fed. R. Civ. P. 54(d), for the award of costs. As *Salley* is the first case to discuss the award of costs under ERISA, *Salley*'s application of the 'prevailing party' test controls this case.") *and Boggs v. Boggs*, 82 F.3d 90, 94 n.1 (5th Cir. 1996), *rev'd on other grounds*, 520 U.S. 833 (1997) (concluding a plaintiff did not prevail, and hence was not entitled to attorney's fees, because the Fifth Circuit affirmed the district court's denial of the plaintiff's request for declaratory judgment) *with Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir. 2000) (concluding, after considering several conflicting cases, that "the greater weight of authority, from outside and within our own circuit, supports the notion that a party need not prevail in order to be eligible for an award of attorneys' fees under § 1132(g)(1) of ERISA").

The Seventh Circuit tilts more toward a prevailing party requirement, though there is also conflicting authority there. *Compare Davis v. Chicago Mun. Employees Credit Union*, 891 F.2d 182, 184 (7th Cir. 1989) ("A decision to shift fees under [§ 1132(g)(1)] is discretionary. We have

5

tempered that discretion, however, by reading section 1132(g)(1) in conformity with other fee shifting statutes. Thus, as with 42 U.S.C. § 1988, one asking for a fee shift must be a prevailing party.") *and Janowski v. Int'l Bhd. of Teamsters Local No. 710 Pension Fund*, 812 F.2d 295 (7th Cir. 1987) (reversing the district court's attorney's fee award because plaintiffs did not meet the Seventh Circuit's prevailing party test) *and Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1984), *overruled on other grounds by McCarter v. Ret. Plan for the Dist. Managers of the Am. Family Ins. Group*, 540 F.3d 649 (7th Cir. 2008) ("After [*Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)], it would be an abuse of discretion for the district court to award attorney's fees to a losing party, even though section 1132(g)(1) does not in so many words confine award of attorney's fees to winners, as the Civil Rights Attorney's Fees Awards Act does. But unlike that Act, ERISA does not create a presumption in favor of a prevailing plaintiff's request for fees and against a prevailing defendant's.") *with Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 718 n.2 (7th Cir. 1981) ("There is no requirement that a party must 'prevail' in order to receive an award pursuant to § 1132(g). But, as a practical matter, we recognize that a court is more likely to find appropriate an award to a prevailing party than an award to a non-prevailing party.").

There is a similar intra-circuit split of authority in the First Circuit. *Compare Doe v. Travelers Ins. Co.*, 167 F.3d 53, 61 (1st Cir. 1999) ("[Attorney's fee and cost] awards are normally for the prevailing party . . . .") *and Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225 (1st Cir. 1996) ("Congress declared that, in any ERISA claim advanced by a 'participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee' to the prevailing party. 29 U.S.C. § 1132(g)(1). Unlike other fee-shifting statutes, however, ERISA does not provide for a virtually automatic award of attorney's fees to prevailing plaintiffs. Instead, fee

6

awards under ERISA are wholly discretionary.") *with Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 258 (1st Cir. 1986). ("[T]he five factor standard is the appropriate one to be applied regardless of which party prevails.")

This Court has previously recognized the lack of controlling Sixth Circuit law. The Court has ruled that under § 1132(g)(2), an award of attorney's fees is mandatory where a fiduciary has prevailed in its suit. Otherwise, the court has discretion to award a reasonable attorney's fee and costs to either party, and the "Sixth Circuit has recognized no presumption as to whether or not attorney's fees should be awarded in an ERISA action." *Evans v. Metro. Life Ins. Co.*, 2005 WL 2100655, at *2 (E.D. Tenn. Aug. 2, 2005). After applying the *Schwartz* five-factor test, the Court found an award of attorney's fees to the plaintiff unjustified. *Id.* at *6.

In this case, the Court finds most persuasive the analysis of a sister court within the Sixth Circuit in *Winpisinger v. Aurora Corp.*, 469 F. Supp. 782 (N.D. Ohio 1979). The *Winpisinger* court recognized § 1132(g) differed from attorney's fee statutes that expressly restricted an award to prevailing parties, holding

> [i]n the absence of any reference to [the attorney's fee language] in the ERISA legislative history, Congress will be understood to have intended that words be given their usual and ordinary meaning. Since "a reasonable attorneys' fee" may be allowed "to either party," it is concluded that fees may be allowed to counsel for either the prevailing party or the unsuccessful party.

*Id.* at 785.

Implicit in the *Winpisinger* court's holding, and persuasive to this Court, is the conclusion that Congress knows how to restrict fees to the prevailing party. Numerous other attorneys' fee statutes contain an *express* prevailing party requirement. *See, e.g.*, 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the

7

costs."); 7 U.S.C. § 499g(b) ("If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee . . . ."); 7 U.S.C. § 210(f) (same); *see also* Samuel R. Berger, *Court Awarded Attorneys' Fees: What Is "Reasonable"?*, 126 U. Pa. L. Rev. 281, 305 nn.109–10 (1977) (collecting statutes with express prevailing party requirements). Had Congress intended such a restriction in the ERISA statute, it would have included it. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what is says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). In this regard, the Court is less persuaded by the reasoning of *Davis* and *Cottrill*, which insert a prevailing party requirement into § 1132(g)(1) without grounding in the statutory language. *Davis* and *Cottrill* read a requirement into § 1132(g)(1) that is not expressly there, notwithstanding the many fee-shifting statutes which lack a prevailing party requirement, and it is thus difficult to see how those two cases read § 1132(g)(1) "in conformity" with the other statutes. *Davis*, 891 F.2d at 184.

The better approach is to presume Congress intended to omit a prevailing party requirement from the ERISA attorney's fee statute. This is in keeping with the general principle that in ERISA cases, a "district court is given broad discretion in awarding attorneys' fees," *Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000), while at the same time, "[t]here is no presumption that attorneys' fees will be awarded" to either party, *id.* (citing *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996)).

In this case, while Plaintiff has not experienced ultimate success in the sense of winning his benefits claim against Defendant, he has received another shot at those benefits by achieving a remand. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought

8

in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *accord Deja Vu v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005). As the magistrate judge observed, Plaintiff is not a "loser" in any sense; even if he ultimately is ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration (Court File No. 47, at 4). The Court finds, therefore, that § 1132(g)(1) does not require Plaintiff to be a prevailing party, and even if it did, Plaintiff has achieved some degree of success such that an award of fees could be—but at this stage, is not necessarily—reasonable.

Thus, the Court turns to the *Schwartz* five-factor test to assess the reasonableness of Plaintiff's claim for fees.

### B. Application of the Five-Factor Test

This Court must consider each of the following factors in deciding the reasonableness of attorney's fees under § 1132(g)(1):

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Schwartz*, 160 F.3d at 1119. "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Id.* The Court examines each factor in turn.

#### 1. Degree of opposing party's culpability or bad faith

The R&R held this factor weighed in Plaintiff's favor because Defendant summarily concluded, without supporting evidence, Plaintiff did not qualify for executive policy coverage, and because this failure to investigate was unreasonable and arbitrary, it rose to the level of culpability for ERISA attorney's fee purposes. In objecting to the R&R, Defendant contends (1) Plaintiff's

9

counsel never argued Defendant applied the wrong policy, and the claimant must supply adequate documentation to the plan in support of his claim, and (2) Defendant relied on Plaintiff's statement to the Social Security Administration he had become disabled on December 17, 2003, before Defendant's policy went into effect (Court File No. 50, at 4–6).[1]

The Court addressed the grounds for Defendant's first objection in its earlier memorandum (Court File No. 33, at 16). There, the Court dismissed this argument by noting "Plaintiff is not requesting the Court to consider evidence not included in the administrative record; rather, he argues Reliance's decision was unreasonable in light of the existing administrative record" (*id.*). Nothing has changed to persuade the Court this earlier holding was inaccurate. By virtue of arguing Defendant's decision was unreasonable, Plaintiff's counsel was contending Defendant applied the wrong policy. Nor does *Miller v. Metropolitan Life Insurance Co.*, 925 F.2d 979, 986 (6th Cir. 1991), the case on which Defendant relies, change the analysis. The *Miller* court upheld the district court's consideration of the plaintiff's failure to supply the documentation requested by the defendant plan administrator after the initial termination of benefits. *Id.* Here, however, Plaintiff has expressly disavowed reliance on any evidence not in the administrative record; instead, he challenges the denial of benefits based exclusively on what was already in the record. Hence, Defendant's argument is inapposite.

---

[1]In making the latter argument, Defendant cites to *Glenn v. MetLife*, 461 F.3d 660, 674 (6th Cir. 2006), *aff'd*, 128 S.Ct. 2343 (2008), as standing for the proposition that a plan administrator may not ignore the decision of the Social Security Administration. While the Sixth Circuit in *Glenn* found the plan administrator acted "in unacknowledged conflict with the determination of disability by the Social Security Administration," *id.*, it never gave an express ruling on the amount of consideration the plan administrator must give to the Social Security Administration's decision. Moreover, *Glenn* reversed, as arbitrary and capricious, the plan administrator's decision denying disability benefits after the Social Security Administration determined the applicant was totally disabled—the exact result Defendant wishes to *avoid* here.

In responding to Defendant's objection, Plaintiff argues the Court already found, under the deferential arbitrary and capricious standard, that Defendant's failure to investigate was unreasonable and arbitrary, and hence culpable. However, a finding that a denial of benefits was arbitrary and capricious does not necessarily mean there was culpability or bad faith for purposes of an attorney's fee award. *See Evans*, 2005 WL 2100655, at *3 (differentiating between a "deliberate or bad faith attempt to deny benefits" and an "honest mistake" which, though arbitrary and capricious, would not rise to the level of culpability); *see also Foltice,* 98 F.3d at 937 (referencing the district court's conclusion that the denial of plaintiff's pension claim "was erroneous, even arbitrary, but did not evidence a degree of culpability approaching bad faith").

In its earlier memorandum, which the magistrate judge took into account, the Court found a great deal of evidence supporting the conclusion Defendant acted arbitrarily and capriciously. Defendant "did not mention how it determined Plaintiff was governed by its basic policy in its denial letter" (Court File No. 33, at 13). Defendant did not define how Plaintiff fell into the "Class one" employee category which, Defendant maintains, required Plaintiff to contribute 100% toward his premiums to be eligible for long-term disability (*id.*). Defendant never asked Plaintiff's employer to clarify a statement regarding whether Plaintiff had elected long term or short term coverage, and never expressly asked the employer precisely which coverage class covered Plaintiff (*id.* at 14).[2]

This arbitrary and capricious conduct rises to the level of culpability for § 1132(g)(1)

---

[2]In objecting to the R&R, Defendant maintains it pursued the question of Plaintiff's class of employment when it asked his employer whether he ever contributed to the prior plan, and the employer's representative responded she "didn't show he ever elected Long Term or Short Term" (Court File No. 50, at 4). This response, however, suffers from the same defect as the rest of Defendant's investigation: it is superficial and inadequate. Defendant does not provide evidence it made any efforts to determine *why* Plaintiff elected neither Long Term nor Short Term benefits.

11

purposes because ERISA plan administrators have a fiduciary duty to *fully* investigate a claimant's assertions before denying benefits, an obligation which is well established in the Sixth Circuit and other circuits. *See Gregg v. Transp. Workers of Am. Int'l*, 343 F.3d 833, 841, 843 (6th Cir. 2003) ("The duties charged to an ERISA fiduciary are the highest known to the law. When enforcing these important responsibilities, [a court focuses] not only on the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction.") (internal citations and quotations omitted); *Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 300–01 (5th Cir. 2000); *Gilbert v. EMG Advisors, Inc.*, 1999 WL 160382, at *1 (9th Cir. Mar. 17, 1999) (unpublished table opinion). *See also Kalish v. Liberty Mut./Liberty Life Assurance Co.*, 419 F.3d 501, 512 (6th Cir. 2005) (holding additional references to plaintiff's underlying condition, and the fact a medical review was done only by a nurse employed by defendant, should have prompted defendant to investigate further before denying plaintiff's disability benefits); *Killian v. Healthsource Provident Adm'rs*, 152 F.3d 514, 521 (6th Cir. 1998) (concluding the plan administrator acted arbitrarily and capriciously in selectively reviewing information which only favored denying benefits to plaintiffs).

Here, as the Court previously concluded, Defendant should have conducted a full and fair investigation into Plaintiff's claim before denying him benefits. It did not, and its failure to do so was arbitrary and unreasonable. This was the Court's conclusion in its earlier memorandum, and the Court agrees with the magistrate judge that this arbitrary conduct represented significant culpability by the Defendant leading to the need for remand. The fact Defendant's duty to investigate, as the ERISA fiduciary, was well-settled law when it summarily denied Plaintiff's claim adds more force to the culpability determination. Accordingly, this factor weighs heavily in Plaintiff's favor.

### 2. Opposing party's ability to satisfy a fee award

The magistrate judge concluded, and both parties agree, that Defendant has the ability to satisfy a fee award. This factor weighs in Plaintiff's favor.

### 3. Deterrent effect of an award

The magistrate judge concluded requiring a remand to the plan administrator is a form of specific deterrence upon Reliance, and also "provides a general deterrence to other insurance companies because they will know that failure to provide a full and fair review could result in an award of attorney's fees," and as such, this factor weighs in Plaintiff's favor (Court File No. 47, at 7). Defendant's objection is limited to re-arguing Plaintiff had the opportunity to submit evidence supporting his claim and failed to do so (Court File No. 50, at 6–7). As the Court dismissed this argument above and in its previous memorandum (Court File No. 33), the Court finds the objection is not well-taken, and the magistrate judge reached an accurate conclusion. Accordingly, this factor weighs in Plaintiff's favor.

### 4. Conferring a common benefit; resolving significant legal questions

The magistrate judge concluded, and both parties agree, that Plaintiff sought a private benefit and relied on settled law. This factor weighs in Defendant's favor.

### 5. Relative merits of the parties' positions

The magistrate judge concluded "plaintiff was clearly the prevailing party," that "Plaintiff's position was clearly more meritorious, having prevailed on an arbitrary and capricious standard," and that "[t]here were serious flaws in Reliance's decision-making process and a lack of substantial justification for Reliance's position" (Court File No. 47, at 8). Defendant objects, citing no legal authority, that "[i]t is premature to seek fees based on a remand because this fifth factor cannot be

13

addressed until a decision has been made on the merits of the benefit claim" (Court File No. 50, at 7). Defendant also "disagrees strongly" with the magistrate judge's conclusions for the reasons it previously stated (*id.*).

The arbitrary and capricious standard is highly deferential to ERISA plan administrators in their determinations of benefit eligibility, as it is "the least demanding form of judicial review of administrative action." *Smith v. Bayer Corp. Long Term Disability Plan*, 275 F. App'x 495, 504 (6th Cir. 2008). Here, the fact Plaintiff overcame this significant hurdle and achieved a remand to determine benefit eligibility means his position had significant merit, regardless of whether he is ultimately the prevailing party for purposes of the ERISA statute. Moreover, as this Court already explained at length, Defendant conducted a truncated investigation into Plaintiff's claims for eligibility and did not adequately develop the administrative record to make the eligibility determination vis-à-vis which policy covered Plaintiff (Court File No. 33). On these facts, the Court concludes Plaintiff held the more meritorious position.

Having reviewed each of the *Schwartz* factors, the Court concludes the scale tips heavily in Plaintiff's favor, and an award of fees under § 1132(g)(1) would be reasonable. Accordingly, the Court will uphold the magistrate judge's R&R awarding fees.

### C.     Calculation of Attorney's Fees

While Defendant objects to an award of attorney's fees, it does not object to the method by which the magistrate judge calculated them (Court File No. 50). Though an award of attorney's fees is reviewed for abuse of discretion, the district court must give a clear and concise explanation for the fee award to enable appellate review. *Drennan v. Gen. Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992). To enable review, the Court will briefly examine the magistrate judge's calculation for

accuracy.

This Court has explained the law it uses in reviewing attorney's fees awards in *Brooks v. Invista*, 528 F. Supp. 2d 785, 788–89 (E.D. Tenn. 2007), including the fact that "[w]hile the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there," *id.* at 789.  The Court has considered the law it stated in *Brooks*, as well as the cases cited therein, in reviewing the magistrate judge's calculation.

Here, Plaintiff claimed 65.55 attorney hours at $250 per hour, 6.5 paralegal hours at $90 per hour, and a $350 filing fee, for a total of $17,300.00 (Court File No. 47, at 11).  Plaintiff submitted an affidavit of hours spent and the identity and qualifications of each attorney who worked on the case (Court File No. 40).  After reviewing this affidavit, the Court finds the hours stated for work on this case reflect a reasonable amount of preparation, and that the $250 and $90 per hour figures are reasonable market hourly rates in light of the attorneys' experience and qualifications, the rise in the consumer price index since the calculations used in similar cases commenced about ten years ago, and the fact Defendant does not contest the hourly rates.  *See Brooks*, 528 F. Supp. 2d at 788 ("The Supreme Court has established the basis of a fee award is the proven number of hours reasonably expended multiplied by a reasonable hourly rate, commonly called the 'lodestar.'") (citing *Hensley*, 461 U.S. at 433).

The Court finds the magistrate judge did not abuse his discretion in calculating attorney's fees and awarding $17,300.00 in fees to Plaintiff.  Accordingly, the Court will uphold that award.

## IV. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's

R&R (Court File No. 47) and will **AWARD** attorney's fees in the amount of $17,300.00 to Plaintiff.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**